

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2002

# Carter v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1855

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"Carter v. White" (2002). *2002 Decisions.* Paper 682.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/682

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 02-1855

————

KEVIN CARTER,
                                        Appellant

v.

KIM M. WHITE, SUPERINTENDENT

————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cv-00141)
District Judge:  Hon. Jerome B. Simandle

————

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2002

Before:  SLOVITER, FUENTES, Circuit Judges
and DIAMOND,* District Judge

(Filed  October 30, 2002)

————

OPINION OF THE COURT

————

*        Hon. Gustave Diamond, United States District Court for the Western District of
         Pennsylvania, sitting by designation.

1

SLOVITER, Circuit Judge.

Appellant Kevin Carter appeals to this court alleging that the District Court erroneously dismissed his 28 U.S.C. § 2241 petition for habeas corpus relief. Because we conclude that the District Court did not err in dismissing Carter's § 2241 petition, we will affirm.

## I.

Inasmuch as the parties are familiar with the factual and procedural background of this case, we refer only to those facts as are pertinent to the issue under consideration.

On May 26, 1993, Carter pled guilty to one count of conspiracy to possess, distribute, and attempt to distribute cocaine in violation of 21 U.S.C. § 846 in the District Court of the Western District of Missouri. Carter was sentenced to 235 months in prison. The Court of Appeals for the Eighth Circuit affirmed his sentence. Carter thereafter filed a petition pursuant to 28 U.S.C. § 2255, which the sentencing court in the Western District of Missouri denied. The Court of Appeals for the Eighth Circuit denied Carter's petition seeking a certificate of appealability.

Carter is currently serving his prison sentence at the Federal Correctional Institute in Fairton, New Jersey and filed a petition for habeas corpus relief under 28 U.S.C. § 2241 with the District Court for the District of New Jersey. The District Court denied Carter's petition for lack of jurisdiction; Carter appeals to this court.

## II.

2

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

The District Court found that Carter's § 2241 petition was actually a successive § 2255 petition because it challenged his underlying conviction and sentence rather than the execution of that sentence. Section 2255 requires persons who seek to vacate, set aside or correct their sentences to petition the "court which imposed the sentence" in the first instance. 28 U.S.C. § 2255. Accordingly, the District Court held that Carter should have filed a successive § 2255 petition with the Court of Appeals for the Eighth Circuit, seeking to obtain certification from it permitting a successive § 2255 petition to be filed with the sentencing court in the Western District of Missouri.

The District Court also determined that Carter, who had filed his motion under 28 U.S.C. § 2241 rather than § 2255, failed to present exceptional circumstances that would allow him to benefit from our decision in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In that case we held that courts may hear motions pursuant to § 2241 in limited situations where § 2255 proved "inadequate or ineffective." Id. at 251. Furthermore, the District Court noted that Carter's ineffective assistance of counsel claim should have been included in his first § 2255 petition, and in any event was not cognizable under § 2241.

On appeal, Carter concedes that he can no longer file a § 2255 petition but argues that he can obtain relief under § 2241 by fitting within In re Dorsainvil's exception because

3

the Supreme Court issued its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), after Carter was sentenced and therefore he could not have previously raised his Apprendi issues. In In re Dorsainvil, we found the petitioner to be in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening Supreme Court decision deemed to be not criminal. 119 F.3d at 251. We held Dorsainvil could seek habeas corpus relief pursuant to § 2241 in a district court within the district of his confinement, because in that rare case § 2255 proved "inadequate or ineffective." Id. at 252.

Carter's argument based on In re Dorsainvil, however, is foreclosed by our recent decision in Okereke v. United States of America, No. 01-1007 (3d Cir. Sept. 12, 2002), where we held that under In re Dorsainvil, § 2255 is not inadequate or ineffective for individuals to raise Apprendi claims. Accordingly, Carter was not entitled to file his petition under § 2241.

On a final note, Carter presents us with the merits of his ineffective assistance of counsel claim without addressing the District Court's discussion as to why that claim was procedurally barred under § 2255 and not cognizable under § 2241. As the District Court correctly analyzed this issue, we will not consider Carter's ineffective assistance of counsel claim.

**III.**

The District Court construed Carter's § 2241 petition as one pursuant to § 2255 and

4

properly dismissed his petition for habeas corpus relief.  For the reasons set forth, we will

affirm.


/s/ Dolores K. Sloviter
Circuit Judge